IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CLASSROOMDIRECT.COM, LLC,       }
                                }
     Plaintiff,                 }
                                }      CIVIL ACTION NO.
v.                              }      05-AR-0853-S
                                }
RE-PRINT/DRAPHIX, LLC,          }
                                }
     Defendant.                 }

**MEMORANDUM OPINION**

Before the court is the Rule 60(b)(3) motion of plaintiff, Classroomdirect.com LLC ("Classroom"), asking this court to set aside the order of July 12, 2006, by which the above-entitled action was dismissed with prejudice.  The court dismissed the action in accordance with a Settlement Agreement (the "Settlement Agreement") reached between the parties.  In its present motion, Classroom argues that the Settlement Agreement was procured by fraud on the part of defendant, Re-Print/Draphix, LLC ("Draphix"), and that the Settlement Agreement therefore is due to be set aside and rescinded.  In response, Draphix filed a motion asking this court to find Classroom's Rule 60(b)(3) motion mooted by the outcome of a related action litigated to conclusion in the Circuit Court of Jefferson County, Alabama (the "State Court action").

For the reasons set forth herein, this court finds that Classroom's Rule 60(b)(3) motion is due to be granted.  Because the effect of an order setting aside the Settlement Agreement will

1

necessitate the vacation of the order of dismissal and the reinstatement of the case, the court will contemporaneously order the dismissal of the action with prejudice as being precluded under the overall procedural circumstances.

## I. Facts

In April 2005, Classroom brought this action against Draphix, alleging claims of unfair competition under the Lanham Act. After being ordered to mediate their differences, the parties negotiated a settlement. The agreed-upon terms were incorporated into the Settlement Agreement. In light of the Settlement Agreement, this court entered an order dismissing the action with prejudice.

Shortly after the case was dismissed, Draphix moved this court to enforce the terms of the Settlement Agreement. In its motion, Draphix argued that Classroom, by failing to turn over certain customer orders which manifested confusion between the two entities, had not fully complied with the terms of the Settlement Agreement. While this motion was pending, Classroom learned that Draphix had breached the terms of the Settlement Agreement and brought suit against it in the State Court action. On August 30, 2005, this court concluded that it lacked jurisdiction to enforce the Settlement Agreement and denied Draphix's motion to enforce. As the State Court litigation continued apace, Classroom filed its present Rule 60(b)(3) motion asking this court to set aside the Settlement Agreement because, based on facts uncovered during

2

discovery in the State Court action, Classroom claims that Draphix committed fraud on it and on this court in obtaining the terms of the agreement.

In November 2006, the State Court action concluded with a jury verdict for Classroom and against Draphix in the amount of $175,000.00. After the verdict was entered, Draphix filed the suggestion of mootness presently before the court, arguing that the State Court action resulted in the resolution of all the disputes between the parties. In December 2006, the state court resolved certain post-trial motions and (1) awarded Classroom additional monetary relief, (2) permanently enjoined certain practices of Draphix, and (3) denied Classroom's request for attorneys' fees. Then, on January 11, 2007, the state court entered a final judgment in favor of Classroom, ordering the Settlement Agreement to be set aside and rescinded. Both parties have appealed, but neither party appeals from the state court's order insofar as it rescinded the Settlement Agreement.

## II. Analysis

A. Mootness:

Before turning to the substance of Classroom's Rule 60(b)(3) motion, this court must first address the threshold question raised by Draphix's suggestion of mootness. Draphix's contention that Classroom's motion is moot is premised on the argument that the verdict in the State Court action fully resolved the issues

underlying the original complaint in this case.  Although Draphix's argument is not without merit, this court concludes that the Rule 60(b)(3) motion is not moot.

The Eleventh Circuit has held that "[a] case is moot when the issues no longer involve a live controversy with respect to which the court can give meaningful relief."  *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001).  Furthermore, "the party asserting mootness bears the heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again."  *Wilderness Watch & Pub. Employees for Envtl. Responsibility v. Mainella*, 375 F.3d 1085, 1090 n.6 (11th Cir. 2004) (citing *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 120 S.Ct. 722 (2000)).

Mootness is frequently implicated where two related actions are ongoing in separate fora.  "[I]t is common to find that a parallel proceeding is pending in another forum and that resolution of the controversy in that forum will moot the issues present in the federal action."  MOORE'S FEDERAL PRACTICE §101.96.  Given that the state court has already rescinded the Settlement Agreement (the relief sought by Classroom in this action) Draphix has a strong argument that Classroom will incur no benefit from an order from this court to the same effect.  However, the court is willing to give Classroom the benefit of the doubt that the rescission of the

Settlement Agreement would provide it with "meaningful relief."[1]

Even if the court orders the rescission of a previously rescinded contract, it will prevent the existence of two inconsistent final orders from two courts on the same agreement. In the court's opinion, this is "meaningful relief." Given the history of litigation between these parties, it is not inconceivable that a settlement agreement which remained in effect in this court (even if rescinded elsewhere) could create further controversy. And while this is only speculation, the court concludes that the removal of this possibility is relief that is both sufficiently concrete and meaningful to avoid mootness. Therefore, the motion is not moot and the court has jurisdiction to resolve Classroom's underlying Rule 60(b)(3) motion.

B. Collateral Estoppel:

Classroom offers two justifications for its Rule 60(b)(3) motion. First, it argues, on the merits, that the Settlement Agreement was procured by Draphix's fraud. In this, Classroom may or may not be correct. However, the court need not independently address this argument because Classroom's second argument, its

---

[1] This conclusion is not based on Classroom's attempt to analogize its position to the plight of an immigrant family whose petition for asylum was erroneously found to be frivolous. *Mingkid v. U.S. Attorney General*, 468 F.3d 736 (11th Cir. 2006). In *Mingkid*, the Eleventh Circuit held that where the Mingkids had a frivolity determination against them, the vacation of "such a determination incontrovertibly leaves them in better position than they would be in without the relief." *Id.* at 768-69. In immigration law, a finding of frivolity carries with it the real and severe consequence that an alien, after such a determination against him, becomes permanently ineligible to receive immigration benefits. 8 U.S.C. §1158(d)(4)(A). In this case, the consequences for Classroom are not nearly so grave.

invocation of the preclusive effect of the judgment in the State Court action, is dispositive.

To prevail on a motion to set aside under Rule 60(b)(3), the movant must show that an order was obtained by fraud, misrepresentation, or misconduct, and, as a result, the movant was prevented from fully and fairly presenting its case. Fed. R. Civ. P. 60(b)(3). *Frederick v. Kirby Tanships, Inc.*, 205 F.3d 1277, 1287 (11th Cir. 2000). Classroom asserts, and the court agrees, that the record of the State Court action establishes both of the elements required of a Rule 60(b)(3) motion, as a matter of law.

In the State Court action, the court submitted three claims to the jury: (1) unfair competition under the Lanham Act; (2) fraudulent misrepresentation; and (3) intentional interference with business relations. The jury returned a general verdict in favor of Classroom on these issues and answered a special interrogatory that identified the portion of its award attributable to the unfair competition claim. On January 11, 2007, after the entry of the jury verdict, the state court ordered additional relief and granted Classroom's motion to rescind and set aside the Settlement Agreement based on fraud. Pl.'s Ex. HH.

The doctrine of collateral estoppel acts to foreclose the relitigation of a matter that has been decided and settled in another court. *Quinn v. Monroe County*, 330 F.3d 1320, 1328 (11th Cir. 2003). Under Alabama law, collateral estoppel applies when

6

the following four elements are present: "(1) that an issue in a prior action was identical to the issue litigated in the present action; (2) that the issue was actually litigated in the prior action; (3) resolution of the issue was necessary to the prior judgment; and (4) that the same parties are involved in the two actions."  *Unum Life Ins. Co. v. Wright*, 897 So.2d 1059, 1082-83 (Ala. 2004) (internal citation and quotation omitted).

In this case, all the elements of collateral estoppel are satisfied with respect to defendant's alleged fraudulent inducement of the Settlement Agreement.  First, the issue of fraud presented in this motion is identical to the claim of fraud made by Classroom in the State Court action.  Second, the issue was clearly litigated in the State Court action and settled by the state court's final order of January 11, 2007. Finally, that order, which binds the two parties presently before this court, would not have been entered but for the state court's determination that Draphix had engaged in fraudulent activity.

In response, Draphix argues that the rescission claim was not actually adjudicated in the State Court action because the jury verdict resulted in the "voiding" of the Settlement Agreement rather than a determination of fraud in favor of Classroom.  In other words, Draphix is arguing that the judgment reached in the State Court action was that **both** parties had breached the Settlement Agreement, which thereby became voided.  As a result,

the argument runs, the judgment could not presently have a preclusive effect against Draphix on this motion. This position is derived from two facts in the State Court action: (1) that the jury made no monetary award for the fraud claim, despite the significant amount sought by Classroom, and (2) that the jury's verdict and special interrogatory response was preceded by the jury's submitting a question asking "[i]f both parties are in violation of the [S]ettlement [A]greement, does the [S]ettlement [A]greement still stand?".

While Draphix is correct both that the jury made no award on the fraud claim and that it asked the question about mutual violation, it is incorrect when it assumes that either have any operative significance for purposes of collateral estoppel. First, the fact that the jury made no monetary award does not necessarily mean that it did not find in favor of Classroom on the fraud issue. Indeed, the jury was specifically instructed by the state court that "[Classroom] cannot recover from the defendant **unless** [it] reasonably satisfies you by the evidence that the release [in the Settlement Agreement] was obtained by fraud." Pl.'s Ex. B, at 29 (emphasis added). Because the jury did find for Classroom, the ineluctable conclusion is that the jury determined that Draphix fraudulently induced Classroom's entry into the Settlement Agreement. Furthermore, it was the final order of January 11, 2007 that conclusively determined that the Settlement Agreement was

procured by fraud. Second, no legally significant insight can be gleaned from the simple fact that the jury asked a question of the court during its deliberations. *General Motors Corp. v. Lucas*, 530 So.2d 224, 228 (Ala. 1988) ("The impact of the judge's response to the jury question, through the bailiff, cannot be the basis for opening the jury's deliberations to examination."). The court must therefore consider the Settlement Agreement originally entered into by the parties in this action as rescinded.

    C. The Revived Action:

The only question that remains to be resolved is the fate of this action, newly revived in light of the rescission of the Settlement Agreement. Classroom asks this court to dismiss the action without prejudice. Draphix, seeking finality, would have this court dismiss the action with prejudice. The court concludes, with Draphix, that this controversy has been fully litigated and the matter is at a close. This is consistent with and called for by the court's recognition of the preclusive effect of the state court's judgment. Just as this court recognizes the preclusive effect of the State Court action, so too must it acknowledge that any further litigation in a federal court would be duplicative. Any such unnecessary litigation will be foreclosed by this court's dismissal of the action with prejudice.

### III. Conclusion

For the reasons discussed above, the court will rescind the

9

Settlement Agreement and dismiss the action with prejudice by a separate order.

DONE this 22nd day of February, 2007.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE